UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUSTEES OF DARTMOUTH COLLEGE )<br>)<br>Defendant. )<br>) | Civil Action No. 1:19-cv-109-SM |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendant Trustees of Dartmouth College ("Dartmouth" or the "College"), by and through its attorneys, Dinse P.C. and Wadleigh, Starr & Peters, P.L.L.C., opposes Plaintiff's Motion for Extension of Time, ECF No. 21.  While undersigned counsel normally agree to reasonable requests for extensions of time, additional time is not warranted here because Plaintiff's request misunderstands the Court's May 7, 2019 Endorsed Order.  The Court did **not** order that Plaintiff be given thirty days to decide whether to dismiss the case or proceed under his true identity, so there is no deadline to extend.  Dartmouth respectfully requests that Plaintiff's motion be denied.

### I. Factual and Procedural Background

Plaintiff filed his first Complaint on August 6, 2018 in the action titled *John Doe v. Trustees of Dartmouth College*, Docket No. 1:18-cv-00690-JD.  He simultaneously moved to proceed using a pseudonym.  The Court denied Plaintiff's motion in the first case on November 2, 2018.  Judge DiClerico held that Plaintiff must proceed under his true identity, but gave him 30 days to decide whether he would do so or voluntarily dismiss his claims, with prejudice, to

preserve his privacy.  Plaintiff then moved to reconsider that ruling, which Dartmouth opposed.  Dartmouth objected that Plaintiff should not be permitted to dismiss and re-file his case every time he received a decision that he did not like in the hope of getting a better result next time.  On November 29, 2018, the Court ordered that Plaintiff could dismiss his suit without prejudice, but denied his request for a ruling that he be permitted to proceed anonymously in a future case.

Plaintiff filed his second Complaint with nearly identical allegations and claims on January 30, 2019.  Again he moved to proceed using a pseudonym.  ECF No. 2.  The Court ordered Plaintiff to show cause as to why Judge DiClerico's previous order should not stand.  ECF No. 9.  Plaintiff responded with a "Memorandum of Law in Support of Supplement for Plaintiff's Motion to Proceed Under Pseudonym," ECF No. 20-1.  On May 7, 2019, the Court issued an Endorsed Order stating it had considered Plaintiff's memorandum in response to the show cause order and denying Plaintiff's motion to proceed under a pseudonym.

**II.     Analysis**

Plaintiff's Motion requests "additional time to decide if he ought to file for this case to be dismissed or proceed under his true identity" based on his "assumption he has 30 days since the time Judge McAuliffe denied his motion to proceed under a pseudonym to decide if he will proceed."  Pl.'s Mot. for Extension of Time, ECF No. 21 at 1.  That assumption is incorrect.  The Court's May 7, 2019 Endorsed Order did **not** give Plaintiff additional time to decide whether to voluntarily dismiss this case.  To the contrary, it denied Plaintiff's motion to proceed under a pseudonym without qualification.  While Dartmouth is not using Plaintiff's name in this Opposition, it is under the impression that once the Court's Order issued it could.

The Court has ordered—twice—that Plaintiff must proceed under his true identity.  That is the law of the case.  If Plaintiff seeks leave from the Court to voluntarily dismiss his case

2

without prejudice again, Dartmouth will oppose it. As Dartmouth has previously argued, Plaintiff cannot dismiss and re-file his Complaint every time he gets a decision that he does not like. While Dartmouth does not believe this suit has any merit, it is unfair to require it to defend against endless identical motions to proceed under a pseudonym. If Plaintiff wants to pursue his claims he must do so under his name. Otherwise, he must dismiss this case with prejudice.

## CONCLUSION

For the reasons set forth above, Dartmouth respectfully requests that Plaintiff's Motion for Extension of Time be denied.

Dated at Burlington, Vermont, this 5th day of June 2019.

By: /s/ Shapleigh Smith, Jr.
Shapleigh Smith, Jr., Esq.*
Kendall Hoechst, Esq.*
DINSE
209 Battery Street
Burlington, VT 05401
802-864-5751
ssmith@dinse.com
khoechst@dinse.com

Dated at Manchester, New Hampshire, this 5th day of June 2019.

By: /s/ Christopher P. McGown
Christopher P. McGown, Esq.
WADLEIGH, STARR & PETERS, P.L.L.C.
95 Market Street
Manchester, NH 03101
603-669-4140
cmcgown@wadleighlaw.com

*Admitted pro hac vice*

Attorneys for Trustees of Dartmouth College

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been sent to Plaintiff, via email.

        /s/ Christopher P. McGown
        Christopher P. McGown