UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

2019 JUN 13 A 10: 25

JOHN DOE[1],

Plaintiff,

v.

TRUSTEES OF DARTMOUTH COLLEGE,

Defendant,

Civil Action No.
1:19-cv-00109-SM

## SURREPLY TO RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

In recent motion, counsel for Dartmouth has stated;

"it is unfair to require it to defend against endless identical motions to proceed under a pseudonym. If Plaintiff wants to pursue his claims he must do so under his name. Otherwise, he must dismiss this case with prejudice."

To clarify, plaintiff has not suggested it would be suitable or appropriate for this case to be dismissed without prejudice again, or that he ought to be given another opportunity to have this motion to proceed under a pseudonym evaluated once more by the court. Plaintiff's impression of the orders issued by the court is that Judge DiClerico's order from the previous case has been upheld, and this case will now proceed as the last one did after the plaintiff's motion to proceed under a pseudonym was denied, and plaintiff must now choose whether he would like to dismiss this case with prejudice (forgoing the possibility of filing it again) or proceed by filing an amended complaint which reveals his true identity and moving forward with litigation.

Counsel for Dartmouth seems to be suggesting plaintiff should be forced to move forward with litigation, and not given the opportunity to withdraw this lawsuit (although it is not entirely clear to the plaintiff). Plaintiff cannot imagine why counsel for the defense might want to compel plaintiff to move forward with civil action against their client which he might otherwise withdraw, or how this might be in the interests of any party to this suit. If Dartmouth's counsel is

correct that the plaintiff has not been opportunity to decide if he will withdraw or move forward with this case before his identity is revealed, plaintiff asks that this be treated as a "motion for reconsideration," and asks that the judge alter his ruling so that he may be afforded this opportunity. Based on judge DiClerico's order from the plaintiff's previous (identical) case against Dartmouth, as well as plaintiff's review of cases where plaintiffs have submitted motions to proceed under pseudonyms, this would seem most consistent with previous ruling made in the federal district courts.

Regardless of which decision plaintiff makes at this point, he will suffer incredibly as a result, and the ramifications of his decision will substantially detriment most facets of his life for its remainder. For these reasons, plaintiff has requested time so that he will be able to consult with publicly available legal, educational, and professional consultants which have limited availability and plaintiff will not be able to make use of in the time provided.

To the comment "While Dartmouth does not believe this suit has any merit;" counsel for Dartmouth College made an identical statement about plaintiff's claims through its initial filings in case case (1:18-cv-00040) (also stating it was impossible the parties would reach an out-of-court settlement) only for Dartmouth to then agree to an out of court settlement months later. Nearly every Dartmouth employee accused of violating the law in that case faced the same, or similar allegations as they do in this case.

Date:____6/9/2019_____                                              Respectfully submitted,

                                                                    John Doe

Signature:_____John Doe_____

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the following document was mailed conventionally to Christopher P. McGown of Dartmouth's Counsel on 6/9/2019.

Date:____6/9/2019_____                                                                                John Doe

Signature:_____*John Doe*_____