# Exhibit 20

 **Dartmouth College**    HANOVER • NEW HAMPSHIRE • 03755-3529

*Dean of the College, 6004 Parkhurst Hall*    • Tel. (603) 646-3113

Rebecca E. Biron
*Dean of the College*

October 25, 2017

Mark I. Anderson
Sent electronically to: Mark.I.Anderson@dartmouth.edu

**PERSONAL AND CONFIDENTIAL**

Dear Mark,

I write to notify you of the determination I have made after carefully considering your request for review of your separation from the College for violating Standard II. For the reasons set forth below, I am granting your request and directing that a new hearing be held. While this matter is pending, you will remain not enrolled and are not allowed on campus. However, you may be on campus to access services at Dick's House and/or to meet with advisors related to your COS case.

As stated in the Student Handbook, Requests for Review may be granted on one of the following grounds:

1. Procedural error that has materially prejudiced the student's case.
2. Newly discovered information which, had it been available at the time of the hearing, would likely have affected the outcome either with regard to a finding of responsibility or with regard to the sanction imposed (if the information was not reasonably available to the student at the time of the proceeding).

You have asserted that a discrepancy between the allegation letter you received on May 10, 2017 and the hearing committee's focus during their process constitutes a procedural error that materially prejudiced your case. The allegation letter states that "it is alleged that on or about May 4, 2017 you communicated with parties in violation of a restraining order, which had been issued for previous behavior that was threatening or harassing. This continued contact in violation of the restraining order, if true, would be in violation of Standards II and VI." The materials in the case packet and the recording of the hearing indicate that the Committee on Standards did not limit their consideration to your actions on or about May 4. In finding you responsible for violating Standard II, the hearing committee focused on the connection between your May 4 communication in violation of the restraining order and "previous behavior that was threatening or harassing" over time between February 28 and May 4, 2017. This focus does not by itself constitute a procedural error. Rather, it is a reasonable interpretation of the phrase "continued contact" to consider the violation of the restraining order in the context of the entire course of the communications from February to May.

However, you assert that your own understanding was that the allegation letter and statement of understanding concerned only behavior on May 4. You write in your request for the review (page 2) that "if this error had not occurred and the substance of the allegations against me were communicated with the care and attention to detail that students hope and assume this school will put into things like these, I would have admitted to the allegation of having committed a violation of Standard of Conduct II during the Winter term." This statement demonstrates that the discrepancy you perceived between the allegation letter and the committee's focus did significantly affect your response to the allegations, both in your denial of responsibility and in the way you answered questions during the hearing.

For this reason, your request for review is granted. I am instructing the Office of Judicial Affairs to issue a revised allegation letter and to conduct an entirely new hearing. Please note that there is no guarantee that a new hearing will result in a different outcome. As it appears that there is sufficient evidence to support the sanction that was imposed, you will remain not enrolled and are not allowed on campus. However, you may be on campus to access services at Dick's House and/or to meet with advisors related to your COS case.

Mark, your appeal letter makes a number of concerning references to your emotional distress throughout this entire matter. I encourage you to seek out all the counseling and advising resources available to you for support during this difficult time. I wish you well as you learn and grow from these experiences.


Sincerely,

Rebecca E. Biron
Dean of the College

Cc:
Anne Hudak, Undergraduate Dean
Katharine Strong, Assistant Director of Undergraduate Judicial Affairs