# Exhibit 24

**From:** Katharine R. Strong
**Sent:** Wednesday, November 15, 2017 3:26 PM EST
**To:** Katharine R. Strong <Katharine.R.Strong@dartmouth.edu>
**Subject:** Re: Following Up

Mark -

Thank you for your email. I do not see a question in what you've sent, so I am writing to update you on the status of your hearing.

I emailed you last week, asking that you notify my office of your choice moving forward. I have received no direct response from you to that email, nor a request from you for an extension.

As I shared previously, we are enacting an Immediate Temporary Suspension.

I will be moving forward with scheduling your hearing, likely for the start of the Winter term.

Sincerely,
~K


Get Outlook for iOS

_____
From: Mark I. Anderson <mark.i.anderson.18@dartmouth.edu>
Sent: Wednesday, November 15, 2017 2:31 PM
Subject: Re: Following Up
To: Katharine R. Strong <katharine.r.strong@dartmouth.edu>
Cc: Anne B. Hudak <anne.b.hudak@dartmouth.edu>


Hello Katharine,

I hope this finds you well –

I am writing to check in regarding the status of my upcoming COS hearing.

Last week, I wrote an email notifying you that I was concerned employees of Dartmouth College had failed to act in accordance with the Student Handbook, and my rights as a member of the College, and that for various reasons I explained (including that it seemed I had been asked to attend this hearing as a result of these negligent behaviors & misconduct), I thought it seemed reasonable for the date of the hearing to be determined after there'd been adequate time for these concerns to be investigated and addressed appropriately. I asked you permission for the date of my hearing to be rescheduled for this time, and for these reasons.

In response, you did not acknowledge my request (or say if you'd authorize or deny it). You also wrote that you'd decided to delay my hearing until I performed an "evaluation" with someone from CHD, and they confirmed my elligibility to participate in the Judicial Hearing process.

Later, you wrote that my CHD counsellor Mark Reed had contacted you, saying that he'd performed this evaluation, and reccomended a treatment. Based on the information he provided you in this conversation, you also stated that I would have to provide you the following information my noon on November 14th:

"Confirmation that you will be pursuing the recommended treatment options through CHD via completed paperwork with that office OR
Your completed Statement of Understanding and written refusal to complete those options"

 This was not an accurate representation of the information Mark Reed had provided in his conversation with you, and I also could not reasonably meet either of these requests by the deadline you'd assigned  (based on your interpretation of the information he'd given you), and so he notified you of this. In response you replied to him saying that I could have "more time if I needed," but did directly inform me of this extension, or how long it will be in place for.

Best wishes,
Mark Anderson

---

**From:** Katharine R. Strong
**Sent:** Thursday, November 9, 2017 11:54:34 AM
**To:** Mark I. Anderson
**Cc:** Anne B. Hudak
**Subject:** Following Up

Good Afternoon, Mark –

I'm writing to follow up on my email from last week. At that time, I asked that you meet with someone from CHD and sign a waiver allowing them to confirm your ability to participate in the hearing process. I've received confirmation of your completion of my request via CHD. In my conversation with them, they recommended that the hearing be delayed while you pursue recommended treatment options.

Please have the following information to me by **noon on Tuesday, November 14, 2017**:

Confirmation that you will be pursuing the recommended treatment options through CHD via completed paperwork with that office
OR
Your completed Statement of Understanding and written refusal to complete those options

If I do not receive one of these two items from you, I will proceed with scheduling your judicial hearing. Additionally, failure to respond will result in your Immediate Temporary Suspension from the College.

I encourage you to review these options with your Undergraduate Dean/Advisor/CHD clinician.

Sincerely,

**Katharine R. Strong** | **Dartmouth College**
Director | Judicial Affairs
5 Rope Ferry Road – Room 206 | Hanover, NH 03755

Katharine.R.Strong@dartmouth.edu
P - 603.646.3482
F – 603.646.0421

---

**From:** Katharine R. Strong
**Sent:** Thursday, November 02, 2017 12:59 PM
**To:** Mark I. Anderson <Mark.I.Anderson.18@dartmouth.edu>
**Cc:** Anne B. Hudak <Anne.B.Hudak@dartmouth.edu>
**Subject:** RE: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments

Good Afternoon, Mark –

Thank you for your email and for forwarding to me the materials you sent to President Hanlon.

I have reviewed your petition and have significant concerns about your ability to engage in the judicial process at this time. I am asking that you meet with someone from Counseling and Human Development (or a practitioner approved by that office) and sign an appropriate waiver so that they can confirm your ability to engage in the process. Until you have completed this evaluation and we are notified of your ability to participate, we will not move forward.

Your status with the College will remain the same as outlined by Dean Biron in her letter to you on October 26, 2017. "[You] will remain not enrolled and are not allowed on campus. However, you may be on
campus to access services at Dick's House and/or to meet with advisors related to your COS case."

Please respond by noon tomorrow, November 3, 2017, to confirm that you understand my expectations.

Sincerely,

**Katharine R. Strong** | **Dartmouth College**
Director | Judicial Affairs
5 Rope Ferry Road – Room 206 | Hanover, NH 03755

Katharine.R.Strong@dartmouth.edu
P - 603.646.3482
F – 603.646.0421