# Exhibit 27

**From:** Katharine R. Strong
**Sent:** Friday, November 03, 2017 3:02 PM EDT
**To:** Mark I. Anderson <Mark.I.Anderson.18@dartmouth.edu>
**CC:** Anne B. Hudak <Anne.B.Hudak@dartmouth.edu>
**Subject:** Re: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments

Mark-

I have received all three of your emails following my response to your emails yesterday afternoon. Addie has let me know that you called the office twice today to follow up. I am not available to speak with you today.

Mark, I am concerned by the tone of your emails and the tone of your conversations with Addie. I appreciate your frustration, but must remind you that you are expected to engage respectfully with me and all of the faculty, students, and staff at Dartmouth College.

That you disagree with the decisions that have been made is understood. However, the length of time of the process and its impacts on you are, in part, due to your own actions and decisions. When the original decision was made, you were offered an opportunity to return home at the College's expense. That you have chosen to stay in Hanover and have requested interventions outside the process are decisions that have had impacts on you and on the College moving forward in its own process.

I stand by my previous responses to the questions you've asked me and have no further comment to make.

If you wish to speak with me, please call the office and schedule a phone appointment for Monday.

Sincerely,

Katharine Strong

Get Outlook for iOS

---

**From:** Mark I. Anderson
**Sent:** Friday, November 3, 2017 2:37:52 PM
**To:** Katharine R. Strong
**Subject:** Re: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments

Hello Katharine,

I called your office a few times but couldn't get ahold of you. I have some very important questions regarding the judicial affairs process, and your department which only you can answer for me, and which my school advisor cannot adequately answer for me: only you are able to.

Could you respond to this email as soon as you receive it and confirm some time today when I can stop by your office to ask you these questions (as well as the ones I emails the other day), call you, or confirm that you will actually answer my questions sometime before the end of the day if I email them to you?

Again, these are primarily questions which I asked you before, which you responded to, and which my advisor cannot answer for me. I urge you not to neglect the responsibilities of your office as the expense of the people you're meant to serve. Please have some integrity.

Thank you,
Mark

---

**From:** Mark I. Anderson
**Sent:** Thursday, November 2, 2017 10:13:42 PM
**To:** Katharine R. Strong
**Subject:** Re: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments

Also, let me know when you will be in your office and available to speak on Friday.

Best,
Mark

---

**From:** Mark I. Anderson
**Sent:** Thursday, November 2, 2017 2:11:32 PM
**To:** Katharine R. Strong
**Subject:** Re: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School

**From:** Philip J. Hanlon <Philip.J.Hanlon@dartmouth.edu>
**Sent:** Tuesday, November 07, 2017 12:55 PM EST
**To:** Mark I. Anderson <Mark.I.Anderson.18@dartmouth.edu>
**CC:** Rebecca E. Biron <Rebecca.E.Biron@dartmouth.edu>
**Subject:** RE: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments

Dear Mark,

I appreciate that you are trying to resolve your concerns about your judicial affairs proceeding by communicating with me.   However, I play no role in the judicial process and do not review judicial decisions.  In addition, I have confidence in the Judicial Affairs Office staff and in Dean of the College Biron.  Your letter to me states that Dean Biron has decided that remanding your case to the Judicial Affairs Office for a new hearing is the appropriate remedy for the problem you brought to her attention through the review process.  I encourage you to work within the Judicial Affairs Office to address the concerns set forth in your letter to me.  While the staff may not grant you the remedy you seek, I am confident they will thoughtfully consider them and follow the proper procedures.

Best,
Phil

---

**From:** Mark I. Anderson
**Sent:** Monday, November 06, 2017 4:13 PM
**To:** Philip J. Hanlon <Philip.J.Hanlon@dartmouth.edu>; Rebecca E. Biron <Rebecca.E.Biron@dartmouth.edu>
**Subject:** Re: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments

Hello President Hanlon,
Thank you so much for your response, and please let me know if you have any questions about what I've written.
I just spoke with Katharine Strong and realized this may not be clear, but I am requesting I be compensated for damages the school's JAO has incurred upon me due to by being negligent, and also asking someone at the school to engage me in a dialogue so that provision can be made to ensure this never happens to another student at this school ever again. This could be done most easily by amending the student handbook slightly so that it provides more explicit guidance for people in the JAO, but there are a number of other provisions that could be made to ensure students at this school are more adequately protected in the future that I would love to discuss with anyone at the school who might be interested in engaging in such a dialogue with me.
Best wishes,
Mark Anderson

---

**From:** Philip J. Hanlon
**Sent:** Monday, November 6, 2017 4:08:38 AM
**To:** Mark I. Anderson; Rebecca E. Biron
**Subject:** Re: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments


Mark,

Thanks for the follow-up.  I appreciate you reaching out to me and am sorry to hear about the issues you've been grappling with.  I am gathering some info and will be back to you soon.

Phil

---

**From:** "Mark I. Anderson" <Mark.I.Anderson.18@dartmouth.edu>
**Date:** Saturday, November 4, 2017 at 4:32 PM
**To:** "Philip J. Hanlon" <Philip.J.Hanlon@dartmouth.edu>, "Rebecca E. Biron" <Rebecca.E.Biron@dartmouth.edu>
**Subject:** Re: Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments

Dear President Hanlon,

Sorry to bother you again, but I just wanted to check and make sure you weren't out of town or anything and received the letter I sent you last week.

Best wishes,
Mark Anderson

**From:** Mark I. Anderson
**Sent:** Wednesday, November 1, 2017 3:56:24 PM
**To:** Philip J. Hanlon; Rebecca E. Biron
**Subject:** Urgent Letter of Personal Subject Matter which Requires Response - Pertaining to Actions Undertaken by School Representatives & Departments

Hello President Hanlon,

It makes me cry to be writing you for the reasons I am, but I have written you a letter of grave concern and subject matter that requires a response as soon as you're able to give one. I genuinely can't imagine how busy you are, so I do not expect a timely response from you, but the letter is 22 pages (5385 words, in addition to 10 images of letters from the school), and if you think you might know when you'll have time to review such a document, I can't tell you how much I'd appreciate if you let me know when I might expect to hear back from you around.

The document "Letter to President Hanlon" is the main text I'm asking you to review, and the "(combined) official letters of correspondence from the school" and "Letter to Dean Biron" are supplementary materials I reference in this letter, and have provided for you to look at in case you would like to.

Dean Biron, I have also sent you these documents to review in case you might want to review them.

Once again, I can't express how sorry I am to be asking of your time for this, and can't tell you how far I would've gone not to if I had any other option available to me in life anymore.

Best regards,
Mark Anderson

**From:** Kevin D. O'Leary <Kevin.D.O'Leary@dartmouth.edu>
**Sent:** Thursday, January 04, 2018 8:31 AM EST
**To:** Mark I. Anderson <Mark.I.Anderson.18@dartmouth.edu>
**CC:** Kevin D. O'Leary <Kevin.D.O'Leary@dartmouth.edu>
**Subject:** FW: Informational Inquiry/Phone Call Request

Mark, the Provost's Office has asked me to be in touch with you in response to your recent communications with that office, including the message below.

First, I understand you called the office twice yesterday. Please consider this to be a directive to stop calling the office. The Provost will not speak with you by phone or meet with you. Continued calls to the office after you have been directed not to do so could be considered harassment, in violation of the Standards of Conduct and state law. Thank you in advance for your anticipated cooperation.

Second, the Provost is not willing to speak to you about your concerns about the performance or conduct of employees under his supervision. I am sorry if someone in the Board of Trustees Office led you to believe that he would speak to you, but he will not.

Third, if you have written information that you would like to share with the Provost about the performance or conduct of employees under this supervision, you are free to compile that information and send it to the Provost's office. The Provost or his designee will be in touch if he has any follow up questions. If the Provost is not in touch, it means he does not have any follow up questions. If you do not receive a reply to the information you send to the Provost, that does not mean you are free to continue to email him. As I believe you are aware, repeatedly emailing someone can be a form of harassment, in violation of the Standards of Conduct and state law.

Mark, as we have discussed, I understand that you feel that you have been mistreated and that your rights have been violated. While I do not agree with your view, I understand that is how you feel. However, I encourage you to focus on your hearing next week by working with your advisor to develop a plan to explain your conduct in the winter and spring of last year to the Committee and to try to help them understand what sanction, if any, is appropriate for your conduct.

Kevin D. O'Leary
Associate General Counsel
Office of the General Counsel
Dartmouth College
63 South Main Street, Suite 301
Hanover, New Hampshire 03755
Telephone: 603.646.0101
Facsimile: 603.646.2447

---

**From:** "Mark I. Anderson" <Mark.I.Anderson.18@dartmouth.edu>
**Date:** Wednesday, January 3, 2018 at 6:18 PM
**To:** Caitlin Clapp <Caitlin.J.Clapp@dartmouth.edu>
**Subject:** Re: Informational Inquiry/Phone Call Request

Hi Caitlin,

While the information I'd like to share with the Provost could be interpreted as a request for him to participate in the judicial hearing process, it could also be accurately described as a request for him to review evidence that several employees of the College who're under his supervision have failed to perform their assigned duties and responsibilities, or act according to the rules and regulations set forth by the Board of Trustees. I spoke on the phone with one of the secretaries of the Board of Trustees Office for 25 minutes and described the nature and content of the information and concerns I've been trying to present, and she told me that I ought to bring it to the attention of the Provost; this is the only reason I've attempted to speak with him about this. If he will certainly not speak with me however, I would appreciate if you could communicate this very explicitly and directly to me in writing.

Sincerely,
Mark Anderson

**From:** Caitlin J. Clapp
**Sent:** Tuesday, January 2, 2018 12:11:43 PM
**To:** Mark I. Anderson
**Cc:** Kevin D. O'Leary
**Subject:** Re: Informational Inquiry/Phone Call Request

Dear Mark,

I have been informed that the Provost has no role in the undergraduate judicial process and so declines to meet with you.

Sincerely,
Caitlin

Caitlin J. Clapp
Office of the Provost
Dartmouth College
6004 Parkhurst Hall, Room 111
Hanover, NH  03755
Tel: (603) 646-2404
Email:  Caitlin.J.Clapp@Dartmouth.edu

---

**From:** "Mark I. Anderson" <Mark.I.Anderson.18@dartmouth.edu>
**Date:** Monday, January 1, 2018 at 9:19 PM
**To:** Caitlin Clapp <Caitlin.J.Clapp@dartmouth.edu>
**Subject:** Re: Informational Inquiry/Phone Call Request

Hello,

Thank you for your reply. Let me know if there's any chance the Provost might be available to meet with me in person sometime between November 7th and 9th. If he isn't, let me know what other means it'd be best for me to communicate this information by.

Thanks and best wishes,
Mark Anderson

---

**From:** Caitlin J. Clapp
**Sent:** Thursday, December 21, 2017 1:21:07 PM
**To:** Mark I. Anderson
**Subject:** FW: Informational Inquiry/Phone Call Request

Dear Mark,

I will confer with Provost Kotz when he returns from winter break and get back to you.

Thank you,
Caitlin

Caitlin J. Clapp
Office of the Provost
Dartmouth College
6004 Parkhurst Hall, Room 111
Hanover, NH  03755
Tel: (603) 646-2404
Email:  Caitlin.J.Clapp@Dartmouth.edu

---

**From:** "Mark I. Anderson" <Mark.I.Anderson.18@dartmouth.edu>
**Date:** Thursday, December 21, 2017 at 4:08 PM
**To:** Provost <Provost@dartmouth.edu>
**Subject:** Re: Informational Inquiry/Phone Call Request

Hi Caitlin,

Thank you for your reply. The information I'd like to present is about actions which administrators of the College have performed, and which I've only been told would be appropriate to present to the Board of Trustees and the Office of the Provost. The Board of Trustees office told me it'd be best for me to try and present the information here first, which is why I've written to ask if I could arrange to speak & share information with the Provost at the next time they'd be available to do

DARTMOUTH005001

so. Is it possible to have this arranged? I don't know what you've already been told about this case, but I promise you the undergraduate deans in Student Affairs have expressed that they are not able to do anything with the information I'd like to share with the Provost, and that they do not want me to try and discuss it with them in any capacity. Furthermore, members of this department have committed some of the actions I'd like to bring to the attention of the Provost, so I do not think it's possible for them to fairly review allegations of their own misconduct.

If I can set up a phone call or meeting of any kind with the Provost when he's next available, please let me know.

Best wishes,
Mark Anderson

**From:** Provost
**Sent:** Thursday, December 21, 2017 12:09:01 PM
**To:** Mark I. Anderson
**Subject:** Re: Informational Inquiry/Phone Call Request

Dear Mark,

We received your email and voicemail.  We understand that you are working with the appropriate undergraduate deans in Student Affairs at Dartmouth.  They will continue to assist you throughout this process.  Provost Kotz is traveling and will not return to campus until after the first of the year.

Sincerely,
Caitlin

Caitlin J. Clapp
Office of the Provost
Dartmouth College
6004 Parkhurst Hall, Room 111
Hanover, NH  03755
Tel: (603) 646-2404
Email:  Caitlin.J.Clapp@Dartmouth.edu


**From:** "Mark I. Anderson" <Mark.I.Anderson.18@dartmouth.edu>
**Date:** Tuesday, December 19, 2017 at 9:46 PM
**To:** Provost <Provost@dartmouth.edu>, "David F. Kotz" <David.F.Kotz@dartmouth.edu>
**Subject:** Informational Inquiry/Phone Call Request

Hello,

I'm an undergraduate student at the College, and I have some very urgent and serious information and concerns that the Board of Trustees office directed me to present to you, and was wondering if I might be able to schedule a phone call with you at any point before you go on vacation.

Best wishes,
Mark Anderson