# Exhibit 48

RECEIVED
OCT 31 2016
DINSE, KNAPP &
McANDREW, P.C.

STATE OF NEW HAMPSHIRE
SUPERIOR COURT

GRAFTON, SS.                                           Docket No. 16-CV-259

Jonathan Nierenberg

v.

Trustees of Dartmouth College

## ORDER ON PETITION FOR PRELIMINARY INJUNCTION

The plaintiff, Jonathan Nierenberg, seeks to preliminarily and permanently enjoin the defendants, Trustees of Dartmouth College, from suspending him from Dartmouth College for six terms due to an alleged violation of the school's Academic Honor Principle. On September 19, 2016, the court issued an order temporarily restraining the defendants from enforcing the plaintiff's suspension. On September 27, 2016, the court held a hearing on the plaintiff's petition for a preliminary injunction, during which both parties proceeded by way of offers of proof. After considering the pleadings, the parties' arguments and offers of proof, and the applicable law, the court DENIES the plaintiff's petition for a preliminary injunction.

## Background

The plaintiff matriculated as an undergraduate student at Dartmouth College at the beginning of the 2014 academic year. On June 14, 2016, the plaintiff completed a final examination for the course "Earth Science I." While grading the examination, the two professors who taught the course noticed similarities between the plaintiff's examination paper and the examination paper of a classmate who sat next to the plaintiff during the testing period. Suspecting the plaintiff and his classmate of cheating, the professors

reported their findings to the school's Judicial Affairs Office ("JAO"). The JAO, in turn, referred the matter to the Committee on Standards ("COS"). After holding a disciplinary hearing, the COS concluded that the most likely explanation for the similarities between the two examination papers was that the plaintiff and his classmate engaged in copying, a violation of the school's Academic Honor Principle. Consequently, the plaintiff received a failing grade on the examination and a six term suspension. The plaintiff requested a review of the COS's determinations, citing several purported procedural errors and newly discovered evidence. The Dean of College denied the plaintiff's request, and the plaintiff subsequently filed the present action.

## Legal Standard

"The issuance of injunctions, either temporary or permanent, has long been considered an extraordinary remedy." *Pike v. Deutsche Bank Nat'l Trust. Co.*, 168 N.H. 40, 44 (2015) (quotation omitted). "A preliminary injunction is a provisional remedy that preserves the status quo pending a final determination of the case on the merits." *Dupont v. Nashua Police Dep't*, 167 N.H. 429, 434 (2015) (quotation omitted). An injunction should not issue unless the plaintiff shows: (1) that he will suffer immediate irreparable harm if the injunctive relief is not granted; (2) that he has no adequate remedy at law; and (3) that he is likely to succeed on the merits. *Id.* In determining the existence of irreparable harm, the court considers the significance of the threat of irreparable harm to the party requesting the equitable relief, and the balance between this harm and the injury that granting an injunction would inflict on the other party. *See Kukene v. Genualdo*, 145 N.H. 1, 4 (2000); *UniFirst Corp. v. City of Nashua*, 130 N.H. 11, 13, 15 (1987). The court may also consider whether issuing the injunction would serve the public interest. *See, e.g., UniFirst Corp.*, 130 N.H. at 14. "It is within the trial court's

sound discretion to grant an injunction after consideration of the facts and established principles of equity." *N.H. Dep't of Env. Servs. v. Mottolo*, 155 N.H. 57, 63 (2007).

## Analysis

Applying the foregoing standards, the court concludes that the plaintiff has not sustained his burden of proving his right to preliminary injunctive relief. Even assuming, without deciding, that the plaintiff has shown a likelihood of success on the merits, the plaintiff has not demonstrated that he will suffer immediate irreparable harm if his request for a preliminary injunction is denied sufficient to overcome the possible adverse effects to the public interest should an injunction be issued.

At the September 27th hearing, the defendants argued that a finding that the plaintiff will suffer immediate irreparable harm will set a dangerous precedent that may allow almost any student suspended from an academic institution to establish immediate irreparable harm, thereby increasing the frequency of future litigation similar to the instant case. While not entirely persuaded, the court acknowledges the importance in maintaining an academic institution's ability to enforce discipline and the possibility that increased judicial interference in such matters may not serve the public's interest. *See, e.g., Katchak v. Glasgow Indep. Sch. Sys.*, 690 F. Supp. 580, 584 (W.D. Ky. 1988) ("Appropriate discipline is the vehicle by which curious, energetic young people must be managed so that a proper learning environment is maintained. Furthermore, the public has a strong interest in cultivating that learning environment by maintaining proper discipline. . . ."). Accordingly, the court will weigh the plaintiff's arguments that he will suffer immediate and irreparable harm should his request for in an injunction be denied against the public interest in preserving—absent extraordinary circumstances—the authority of academic institutions to enforce discipline.

The plaintiff contends that without preliminary injunctive relief he will suffer immediate irreparable harm because: (1) he will be unable to participate on the school's soccer team, and as a result, will forever lose a year of NCAA Division I eligibility; (2) he will be unable to graduate with his classmates as he anticipated; and (3) his looming suspension and tentative failing grade on the examination "will shut the door on employment opportunities that would have otherwise been available to [the plaintiff] during the term of his suspension." (Pl.'s Mem. Law 6.)

Relevant to his first contention, the plaintiff has been a member of Dartmouth's men's soccer team since enrolling in the school in 2014. He suffered an injury in 2015, however, that resulted in a "red-shirt" year in which he did not play. Because the NCAA allegedly requires an athlete in the plaintiff's position to use his four years of eligibility within a five year period, the plaintiff argues that if he is not allowed to participate in the present soccer season he will forever lose a year of eligibility due to the fact that the plaintiff has already had a "red-shirt" season.

Given the fleeting nature of college athletics, in some circumstances athletes may suffer irreparable harm should their participation in their sport of choice be interrupted. However, the court is not convinced that in this instance that the plaintiff's inability to fully partake in the 2016 soccer season is an immediate and irreparable harm sufficient to justify an injunction. The court takes judicial notice that the 2016 regular season of the Dartmouth soccer team runs for 17 games between September 2nd and November 12th.[1] See N.H. R. Ev. 201(a)(2). Despite learning of his suspension on July 21st, (see Compl. ¶ 72), the plaintiff did not seek to enjoin the defendants from enforcing his

---

[1] DARTMOUTHSPORTS.COM: OFFICIAL WEBSITE OF DARTMOUTH COLLEGE VARSITY ATHLETICS, http://www.dartmouthsports.com/SportSelect.dbml?SPID=4697&SPSID=48763 (last visited Oct. 24, 2016).

4

suspension until September 19th, by which point the plaintiff had already missed five games. (*see* Pl.'s Mem. Law 7.) The plaintiff's delay undermines his argument that being unable to fully participate in the 2016 soccer season constitutes an irreparable injury. *See Pierre v. Univ. of Dayton*, 143 F. Supp. 3d 703, 713–14 (S.D. Ohio 2015) ("A delay between the discovery of the allegedly infringing conduct and the request for injunctive relief can support an inference that the alleged harm is not sufficiently severe or irreparable to justify injunctive relief." (quotation omitted)).

In any event, because the plaintiff has been permitted to rejoin the team since the court granted his request for a temporary restraining order, he has already benefited from enjoying the majority of the remainder of the 2016 regular season. As a result, the issue of whether the plaintiff's inability to participate in the 2016 season is an irreparable injury is largely moot at this point. *See Littlefield v. New Hampshire Interscholastic Athletic Ass'n*, 117 N.H. 183, 185 (1977) (finding issue of whether trial court permissibly enjoined the enforcement of age limitation rule prohibiting high school senior from playing on his school's basketball team moot because the student had already completed the full season under the temporary order). Furthermore, enforcing the plaintiff's suspension at this time will likely result in the plaintiff missing fewer games than were missed due to his own delay in filing this action. Accordingly, and when considering the public's interest in preserving the defendants' authority to discipline its students, the court finds that whatever harm the plaintiff will suffer from not completing the remainder of the 2016 soccer season is insufficient to justify the extraordinary remedy that is a preliminary injunction.

Regarding the plaintiff's second contention, that he will suffer immediate irreparable injury because he will be unable to graduate on time with his class, the

defendants argue that "a mere delay or interruption in one's education does not rise to the level of irreparable harm." (Defs.' Opp'n 14.) The court agrees in this instance. *See Marlowe v. Keene State Coll.*, No. 4:16-CV-40054-TSH, 2016 WL 3030235, at *6 (D. Mass. May 26, 2016) (applying New Hampshire law and finding several month delay in graduating from nursing program insufficient to show irreparable harm). The plaintiff's suspension does not permanently prevent him from obtaining his degree, and any loss of earnings he may suffer from a delay in entering the workforce caused by his suspension, can be adequately remedied by money damages.

As to the harm the plaintiff's suspension and tentative failing grade pose to his future employment opportunities, the court finds such harm is speculative and not immediate. "Injunctive relief is one of the peculiar and extraordinary powers of equity, normally to be exercised only when warranted by *imminent danger* of great and irreparable damage." *N.H. Donuts, Inc. v. Skipitaris*, 129 N.H. 774, 779 (1987) (emphasis added) (quotations omitted). The plaintiff does not claim that he is currently seeking job opportunities, or that he has definite plans to apply for employment in the near future. Instead, the plaintiff broadly asserts that the defendants' actions have "shut the door" to opportunities "that would have otherwise been available to [the plaintiff]" without offering any evidence to support such a proposition. Thus, the court finds the plaintiff's argument regarding the possible negative impact upon any employment opportunities that would have been available to him during the term of his suspension too speculative to constitute an imminent danger of irreparable harm.

Moreover, the court finds that the harm to the plaintiff's employment prospects is not irreparable. If the plaintiff ultimately prevails on the merits,[2] he would receive the grade he alleges he should have received on the Earth Science I examination, rather than a failing grade, and his suspension will be reversed. Thus, any damage to the plaintiff's grade point average and transcript that resulted from the COS's finding will be undone.

## Conclusion

For the foregoing reasons, the court DENIES the plaintiff's petition for a preliminary injunction.

SO ORDERED, this 26th day of October 2016.

_____
Lawrence A. MacLeod, Jr.
Presiding Justice

---

[2] Although the court is not making any rulings at this time as to the proper remedy, the court anticipates that if the plaintiff prevails at trial on this matter, the COS should be ordered to conduct a new hearing with the necessary procedural protections. Then, if the plaintiff is successful before the COS on remand and the COS finds, as the plaintiff alleges, that he did not improperly copy during the examination, his failing grade in Earth Science I will be changed and the COS's previous finding will be vacated.