# Exhibit 49

SCANNED AND SAVED

RECEIVED
JAN 2 5 2016
DINSE, KNAPP &
McANDREW, P.C.

# THE STATE OF NEW HAMPSHIRE

**GRAFTON, SS.**                                                                                  **SUPERIOR COURT**

No. 215-2015-CV-00351

Rajiv Ramaiah

v.

Trustees of Dartmouth College

## ORDER ON PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION

The plaintiff, Rajiv Ramaiah ("plaintiff"), has filed a petition for preliminary and permanent injunctive relief, as well as monetary damages, against the defendant, Trustees of Dartmouth College ("the College"). (Index No. 1.) The plaintiff is a student at Dartmouth College and is currently serving a three-term suspension from the College because the College's Committee on Standards (COS) found that the plaintiff improperly accessed notes stored on his calculator during a Chemistry 006 examination in violation of the College's Academic Honor Principle. The plaintiff also received a failing grade in Chemistry 006 as a result of the COS's finding. The plaintiff denies that he accessed these notes during the examination, and claims the COS's finding was erroneous and that he was not afforded the procedural protections guaranteed in the College's handbook. The plaintiff now seeks a preliminary injunction ordering the College to vacate the COS's finding and immediately restore his status as an enrolled status. (Index No. 10.) The College objects. (Index Nos. 9 & 15.) On January 7, 2016, the Court held a hearing on the plaintiff's petition for a preliminary injunction. Both parties proceeded by way of offers of proof. After considering the pleadings, the parties'

CLERK'S NOTICE DATED
1/22/16
CC: Crance
mcGowan
Nolan

arguments and offers of proof, and the applicable law, the Court DENIES the plaintiff's Petition for Preliminary Injunction.

"The issuance of injunctions, either temporary or permanent, has long been considered an extraordinary remedy." Pike v. Deutsche Bank Nat'l Trust. Co., __ N.H. __, 121 A.3d 279, 283 (2015) (quotation omitted). "A preliminary injunction is a provisional remedy that preserves the status quo pending a final determination of the case on the merits." Dupont v. Nashua Police Dep't, 167 N.H. 429, 434 (2015) (quotation omitted). An injunction should not issue unless the plaintiff shows: (1) that he will suffer immediate irreparable harm if the injunctive relief is not granted, (2) that he has no adequate remedy at law, and (3) that he is likely to succeed on the merits. Id. In determining the existence of irreparable harm, the Court considers the significance of the threat of irreparable harm to the party requesting the equitable relief and the balance between this harm and the injury that granting an injunction would inflict on the other party. See Kukene v. Genualdo, 145 N.H. 1, 4 (2000); UniFirst Corp. v. City of Nashua, 130 N.H. 11, 13, 15 (1987). The Court may also consider whether issuing the injunction would serve the public interest. See, e.g., UniFirst Corp., 130 N.H. at 14. "It is within the [Court's] sound discretion to grant an injunction after consideration of the facts and established principles of equity." N.H. Dep't of Env. Servs. v. Mottolo, 155 N.H. 57, 63 (2007).

Applying the foregoing standards, the Court concludes that the plaintiff has not sustained his burden of proving his right to preliminary injunctive relief. Assuming without deciding that the plaintiff has shown a likelihood of success on the merits, the Court finds that the plaintiff has not demonstrated that he will suffer immediate

irreparable harm if the injunction is not granted. Furthermore, the Court finds that the plaintiff has an adequate remedy at law.

The plaintiff contends that without preliminary injunctive relief he will suffer immediate irreparable harm because: (1) he faces the possibility of not graduating with the other members of his class at the end of the spring term of 2018; (2) if he applies for internships or jobs during the pendency of this trial, he may have to disclose his suspension and the COS's finding and "such a disclosure has the potential to disqualify [him] from opportunities he would otherwise receive consideration for," (Pl.'s Mem. Law 6); and (3) the plaintiff has a lower grade point average as a result of the failing grade he receive in Chemistry 006 and this lower grade point average could jeopardize his opportunities if he applies to internships or jobs[1] during the pendency of trial. The Court addresses each of these alleged irreparable harms in turn.

The Court finds the plaintiff's argument that he will be irreparably harmed because he may not graduate on time factually incorrect. The Registrar of the College, Meredith H. Braz, stated in her affidavit that she had "become familiar with the [plaintiff's] transcript" and "[g]iven the flexible D-plan system used at Dartmouth and [the plaintiff's] current credit and on-campus study situation, [the plaintiff] could, after serving the full 3-term suspension that has been imposed upon him, obtain the remaining 27 credits he needs to graduate . . . and graduate with the other members of the Class of 2018." (Braz Aff. ¶¶ 7 & 13, Dec. 21, 2015, Opp'n Pl.'s Req. Prelim. Inj. Relief.) Thus,

---

[1] The plaintiff also asserted that his suspension, the COS's finding, and his lower grade point average could jeopardize his chances of getting into graduate school. At the hearing, however, the plaintiff, a college freshman, conceded that he is not applying to graduate school soon and thus any potential impacts his suspension or lower grade point average may have on graduate school is not an issue at present.

3

the Court finds that the plaintiff can serve his three-term suspension and graduate on time if he wishes.

As to the harm the plaintiff's suspension, the COS's finding, and the plaintiff's lower grade point average pose to his future job and internship opportunities, the Court finds such harm is speculative and not immediate. At the hearing, the College argued that it is "much too premature and certainly not imminent" to worry about "unspecified, unspecific" job applications and internships when the plaintiff has completed only three of four terms of a freshman year. The College further contends that "the parties have requested that the trial on the merits of this case, if summary judgment is not granted . . . , should occur in October 2016, long before [the plaintiff] applies for jobs or graduate school." (College's Supp. Mem. Law 2.) The Court agrees.

"Injunctive relief is one of the peculiar and extraordinary powers of equity, normally to be exercised only when warranted by <u>imminent danger</u> of great and irreparable damage." <u>N.H. Donuts, Inc. v. Skipitaris</u>, 129 N.H. 774, 779 (1987) (emphasis added) (quotations omitted). The plaintiff does not claim that he is currently seeking job or internship opportunities, or that he has definite plans to apply for jobs or internships in the near future. The plaintiff merely asserts that he <u>may</u> apply to jobs and/or internships at some time in the future. Thus, the Court finds the plaintiff's allegations as to possible negative impacts on his future job or internship opportunities too speculative to constitute an imminent danger of irreparable harm.

Finally, the Court finds that the harm to the plaintiff's grade point average is not irreparable. If the plaintiff ultimately prevails on the merits,[2] he would receive the grade

---

[2] Although the Court is not making any rulings at this time as to the proper remedy, the Court notes that it would appear the College is correct that if the plaintiff prevails at trial, the Court should order the COS to

he alleges he should have received on the Chemistry 006 examination, rather than a failing grade. Thus, any damage to the plaintiff's grade point average that resulted from the COS's finding will be undone. Likewise, if the plaintiff ultimately prevails, the COS's finding that he improperly accessed his notes during the examination will be undone, thereby eliminating any potential harm to his future job, internship, or graduate school prospects. Therefore, the Court finds that the harm to the plaintiff's grade point average and any potential harm to the plaintiff's future prospects are not irreparable.

Finally, the Court finds that the plaintiff has an adequate remedy at law. The plaintiff has brought breach of contract and negligence claims against the College seeking monetary damages. The Court finds that the plaintiff's damage claims are an adequate remedy at law.

For the foregoing reasons, the Court DENIES the plaintiff's Petition for Preliminary Injunction.

**So Ordered.**

Dated: 11/2/16

Peter H. Bornstein

Presiding Justice

---

conduct a new hearing with the necessary procedural protections. Then, if the plaintiff is successful before the COS on remand and the COS finds, as the plaintiff alleges, that he did not improperly access his notes during the examination, his failing grade in Chemistry 006 will be changed and the COS's previous finding will be vacated.

5