|  |  |  |
|---|---|---|
| MARK ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-109-SM |
| | ) | |
| TRUSTEES OF DARTMOUTH COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT TRUSTEES OF DARTMOUTH COLLEGE'S OPPOSITION TO PLAINTIFF'S "MOTION FOR PERMISSION TO SUBPOENA, AND COMPEL RESPONSE TO INTERROGATORIES BY NON-PARTIES TO THIS LAWSUIT"

Defendant Trustees of Dartmouth College ("Dartmouth") opposes Mark Anderson's motion for permission to compel responses to interrogatories to three non-parties by subpoena or, in the alternative, for the Court to advise him on how to pursue discovery and comply with the Federal Rules. ECF No. 55. Dartmouth opposes this motion for several reasons.

First, a motion like this is not the proper way to request a subpoena. Fed. R. Civ. P. 45(a)(3). Second, even if it were, a subpoena may compel a non-party to appear and testify or to produce items in that person's custody or control, but a subpoena cannot compel a non-party to answer interrogatories. Fed. R. Civ. P. 45(a)(1)(A)(iii). Interrogatories may only be served by a party on another party. Fed. R. Civ. P. 31(a). The only parties to this case are Mr. Anderson and Dartmouth.

Third, Mr. Anderson should be expected to understand and adhere to the Federal and Local Rules of Civil Procedure, as any represented party would. His *pro se* status does not obligate the Court—or counsel for Dartmouth—to provide him with advice on "whether there are any means by which" a plaintiff "may attain responses to basic inquiries about facts central

to their case from key witnesses, which also can be utilized as evidence in court."  ECF No. 55 at 1.  More than three months ago, the Court gave Mr. Anderson clear guidance on its expectations in this respect.  *See* Endorsed Order, March 27, 2020 ("Plaintiff, although acting pro se, is equally bound by and must comply with applicable procedural rules.  The court cannot offer plaintiff legal advice or suggest alternative or advantageous ways to litigate his case.").  It is up to Mr. Anderson to litigate his own case and comply with the Rules.  This motion seeks relief that is improper and impermissible under them.

For all these reasons, Dartmouth respectfully requests that the Court deny Mr. Anderson's Motion in its entirety.

Dated at Burlington, Vermont, this 1st day of July 2020.

By:    /s/ Shapleigh Smith, Jr.
        Shapleigh Smith, Jr., Esq.*
        Kendall Hoechst, Esq.*
        DINSE
        209 Battery Street
        Burlington, VT  05401
        802-864-5751
        ssmith@dinse.com
        khoechst@dinse.com

Dated at Manchester, New Hampshire, this 1st day of July 2020.

By:    /s/ Christopher P. McGown
        Christopher P. McGown, Esq.
        WADLEIGH, STARR & PETERS, P.L.L.C.
        95 Market Street
        Manchester, NH 03101
        603-669-4140
        cmcgown@wadleighlaw.com

        *Admitted pro hac vice*

        Attorneys for Defendant Trustees of Dartmouth College

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been sent to Plaintiff, via ECF.


                                      __/s/ Christopher P. McGown_____

                                      Christopher P. McGown