# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARK ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUSTEES OF DARTMOUTH COLLEGE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:19-cv-109-SM |

## DEFENDANT TRUSTEES OF DARTMOUTH COLLEGE'S OPPOSITION TO PLAINTIFF'S "MOTION FOR MISCELLANEOUS RELIEF"

Defendant Trustees of Dartmouth College ("Dartmouth") opposes Mark Anderson's motion dated July 2, 2020. ECF No. 57. The precise relief Mr. Anderson seeks is not clear and he did not inquire about Dartmouth's position on this Motion before filing it. *Cf.* Local R. Civ. P. 7.1(c). That said, Mr. Anderson seems to be requesting that three non-party witnesses be compelled to respond to discovery requests by asking the Court to "designate" those three individuals "as parties . . . ." ECF No. 57 at 1. Mr. Anderson asserts that he wants to "provide these individuals with interrogatories[,]" apparently in recognition that interrogatories may only be served by a party on another party. *Id.*; Fed. R. Civ. P. 31(a). In other words, this Motion appears to seek the same relief as Plaintiff's "Motion for Permission to Subpoena, and Compel Response to Interrogatories by Non-Parties to this Lawsuit," ECF No. 55, but now without a subpoena.

Dartmouth opposes this request for the same reasons in its Opposition to that Motion. ECF No. 56. The only parties to this case are Mr. Anderson and Dartmouth, and the deadline to add parties has long passed. *See* Endorsed Order, Sept. 17, 2019; Discovery Plan, ECF No. 26 at

2 ("Any additional parties will be joined by November 30, 2019").  Mr. Anderson's motion is not proper under the Federal and Local Rules and Dartmouth accordingly requests that the Court deny his Motion in its entirety.[1]

Dated at Burlington, Vermont, this 6th day of July 2020.

                By:  /s/ Shapleigh Smith, Jr.
                    Shapleigh Smith, Jr., Esq.*
                    Kendall Hoechst, Esq.*
                    DINSE
                    209 Battery Street
                    Burlington, VT  05401
                    802-864-5751
                    ssmith@dinse.com
                    khoechst@dinse.com

Dated at Manchester, New Hampshire, this 6th day of July 2020.

                By:  /s/ Christopher P. McGown
                    Christopher P. McGown, Esq.
                    WADLEIGH, STARR & PETERS, P.L.L.C.
                    95 Market Street
                    Manchester, NH 03101
                    603-669-4140
                    cmcgown@wadleighlaw.com

                    *Admitted pro hac vice*

                    Attorneys for Defendant Trustees of Dartmouth College

---

[1] For the sake of the record, Dartmouth denies that "[d]efense counsel has . . . told plaintiff it will not allow him to question these specific witnesses . . . unless the court compels their cooperation."  ECF No. 57 at 1.  Rather, Dartmouth has repeatedly explained to Mr. Anderson that Dartmouth has neither the obligation nor the authority to compel testimony of a former employee or student, and it would be up to him to arrange for their attendance at a deposition.  If Mr. Anderson wants to question these witnesses, there is a procedural mechanism for him to do so within the Rules.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been sent to Plaintiff, via ECF.

    /s/ Christopher P. McGown
Christopher P. McGown