# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| MARK ANDERSON,            )<br>                                          )<br>           Plaintiff,                )<br>                                          )<br>     v.                                 )<br>                                          )<br>TRUSTEES OF DARTMOUTH COLLEGE,   )<br>                                          )<br>           Defendant.             )<br>                                          ) | Civil Action No. 1:19-cv-109-SM |

## DEFENDANT TRUSTEES OF DARTMOUTH COLLEGE'S MEMORANDUM REGARDING ITS PRODUCTION OF DOCUMENTS FOR *IN CAMERA* REVIEW

On June 24, 2020 the Court issued an Endorsed Order granting in part Plaintiff Mark Anderson's motion to compel, ECF No. 35.  The Court ordered Defendant Trustees of Dartmouth College ("Dartmouth") to "file (electronically) and under seal the items not yet produced" reflected in its privilege log, for *in camera* review by the Court.  Endorsed Order, July 24, 2020.  The purpose of this Memorandum is to aid the Court in its review of those documents by describing its electronic production and the basis for Dartmouth's position that these items are protected by attorney-client privilege.

The attorney-client privilege "protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice." *Mississippi Pub. Employees' Ret. Sys. v. Bos. Sci. Corp.*, 649 F.3d 5, 30 (1st Cir. 2011); *see also Kraft v. Mayer*, No. 10-CV-164-PB, 2011 WL 1884769, at *1 (D.N.H. May 18, 2011) (noting the privilege applies to "communications relating to" the purpose of seeking legal advice "from a professional legal adviser in his capacity as such").  It "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the

lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).  Although *Upjohn* concerned a corporation, the Court's observation that in "light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike most individuals, constantly go to lawyers to find out how to obey the law," also applies to institutions of higher education.  *Id.* at 392 (quotation and citation omitted); *see also United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 684 (1st Cir. 1997) (explaining that "by safeguarding communications between lawyer and client, [the privilege] encourages disclosures by client to lawyer that better enable the client to conform his conduct to the requirements of the law and to present legitimate claims or defenses when litigation arises").  The employees responsible for student disciplinary proceedings routinely went to Dartmouth's in-house lawyers to find out how to comply with laws and regulations embodied in internal Dartmouth policies.

Dartmouth will transmit to the Court a USB drive containing 6 files.  First, Dartmouth has included a privilege log with Bates numbers corresponding to the pages of the complete production.  This file is titled "Privilege Log" and is 25 pages.  Second, the drive includes a PDF file titled "Privileged Email and Attachments – Complete," which contains every entry on the privilege log and is 4,582 pages.  This file contains the emails, as well as attachments to those emails, in chronological order.  Any attachment immediately follows the email.  Third, Dartmouth has sorted the emails without their attachments into the four groups described in its Opposition to Plaintiff's Motion to Compel on this topic, ECF No. 37.  Briefly, there are emails in which an attorney in the Office of the General Counsel provided legal advice to another Dartmouth employee outside of the Office of the General Counsel or discussed advice to provide internally among the in-house attorneys ("Group 1").  The attorneys who are most relevant to the

Court's assessment are Kevin O'Leary, Dana Scaduto, and Sandhya Iyer. Second, there are emails between an attorney in the Office of the General Counsel and a staff member of that Office, serving as the attorney's agent for the purpose of conducting the business of the office ("Group 2"). Third, there are emails between two or more employees with a copy to a member of the Office of the General Counsel—most often Attorney O'Leary, who was the principal liaison between the Office of the General Counsel and the employees who handled student conduct ("Group 3"). Dartmouth employees copied in-house counsel when they believed the communication contained information an attorney (typically Attorney O'Leary) needed to provide ongoing advice with respect to Mr. Anderson. In-house counsel was expected to review and respond to emails on which they were copied in response to changing circumstances involving Mr. Anderson that might affect advice previously given or require new or additional legal input. This was part of a practice established by the Office of General Counsel with respect to employees handling student conduct matters, so copying a member of the Office occurred with the reasonable expectation that he or she would provide advice on the topic at hand. Finally, there are emails where no attorney is a recipient or author, but the content of the body of the email or the chain forwarded discusses advice solicited from or given by a member of the Office of the General Counsel ("Group 4"). These emails relate to the purpose of seeking legal advice and some also contain attorney work product. The four PDF files are titled: "Group 1 – To and From Counsel" (1251 pages), "Group 2 – Intraoffice" (32 pages), "Group 3 – Copy to Counsel for Ongoing Advice" (619 pages), and "Group 4 – No Counsel" (75 pages). These four files contain the same Bates numbers as the complete PDF and privilege log for ease of cross-reference.

Dated at Burlington, Vermont, this 7th day of July 2020.

                                           By:   /s/ Shapleigh Smith, Jr.
                                                    Shapleigh Smith, Jr., Esq.*
                                                    Kendall Hoechst, Esq.*
                                                    DINSE
                                                    209 Battery Street
                                                    Burlington, VT 05401
                                                    802-864-5751
                                                    ssmith@dinse.com
                                                    khoechst@dinse.com

Dated at Manchester, New Hampshire, this 7th day of July 2020.

                                           By:   /s/ Christopher P. McGown
                                                    Christopher P. McGown, Esq.
                                                    WADLEIGH, STARR & PETERS, P.L.L.C.
                                                    95 Market Street
                                                    Manchester, NH 03101
                                                    603-669-4140
                                                    cmcgown@wadleighlaw.com

                                                    *Admitted pro hac vice*

                                                    Attorneys for Defendant Trustees of
                                                    Dartmouth College

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been sent to Plaintiff, via ECF.

                                                    /s/ Christopher P. McGown
                                                    Christopher P. McGown