# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

_____
)
**MARK ANDERSON,**                                       )
)
**Plaintiff,**                                       )
**v.**                                       ) Civil Action No.1:19-cv-00109-SM
)
**TRUSTEES OF DARTMOUTH COLLEGE,**                      )
)
**Defendant,**                                       )
_____)

## PLAINTIFF'S MOTION TO RECONSIDER

Plaintiff files this motion to respectfully ask that the Court reconsider its ruling to allow plaintiff, and not just defense counsel, to request for the Court to review documents which it did not specifically address or mention in its previous ruling on plaintiff's "motion to compel discovery."  Plaintiff is unsure whether all documents which were not explicitly mentioned in aforementioned ruling were reviewed by the Court and determined not to include information which is relevant to this case; if that is in fact the case, this motion may be ignored.

Plaintiff will now attempt to articulate in greater detail, why one of the specific documents withheld by the defense merits his concern and further review. Due to time and resource limitations, plaintiff is unable to rebut each redaction from this case he has raised issue with and were not specifically addressed in the Court's previous ruling on plaintiff's "motion to compel discovery."

With regard to the document with Bates Number 821, Biron and Hanlon both substantially participated in the administration and/or adjudication of plaintiff's disciplinary cases at Dartmouth; Biron adjudicated plaintiff's case as the College Dean, and Hanlon reviewed Biron's management of plaintiff's case as both the College President and Trustee. Counsel for Dartmouth has made no suggestion, assertion, claim or allegation in this case, or at any point during proceedings that any communication between Biron and Hanlon (and no other individual) regarding plaintiff's case meets any discernable standard (let alone set of standards) the Federal Courts have declared must be satisfied for an attorney-client privilege claim to be appropriately applied. It is impossible for plaintiff to know if and how these communications might be related to his claims in this case, for the reason he has never been told anything about their contents other than when they were sent, and who wrote and received the email, but the fact remains that the actions of these two Dartmouth employees are central to this case. The sole other piece of

information regarding these withheld communications between Hanlon and Biron which has been introduced in this case is testimony from Biron in a sworn deposition that she did not have any communications with Hanlon where she asked for or provided legal advice, or which she believed (at any point-in-time) might qualify for attorney client privilege. In information which has been provided by the defense in this case, there is virtually nothing that supports this attorney client privilege claim other than defense counsel's verbal reassurances. This Court has already ruled once that Counsel for Dartmouth claimed (after making roughly a half-dozen amendments to privilege logs it has already claimed were final) that hundreds of communications which it had repeatedly verbally reassured the plaintiff qualified for attorney-client privilege did, in fact, not. Furthermore, plaintiff has already come across information from Dartmouth's most recent, court ordered production which is clearly, inextricably relevant to this case. Given the circumstances and what is at stake for the plaintiff in this case, he feels it would be unwise for him to rely on nothing more than the assurances of defense counsel with regards to these claims.

Thus, plaintiff respectfully asks that the Court reconsider its ruling so that the plaintiff, and not just defense counsel, may propose discovery documents which remain in dispute for the Court to review. Plaintiff is confident there are fewer than 20 documents he would request the Court to review if this motion is granted and will diligently endeavor to avoid raising issue with any documents the Court has already addressed.

Dated:  10/27/2020                              **Mark Anderson**

                                                /s/Mark Anderson
                                                _____
                                                Mark Anderson
                                                                    JD2018265@Gmail.com

## **CERTIFICATE OF SERVICE**

Defense counsel assented to and recommended the parties submit this request to the Court via email 10/27/20. I hereby certify that a copy of the following document was sent electronically to Dartmouth's Counsel via the ECF.

Respectfully submitted,

Dated:  10/27/2020

**Mark Anderson**

/s/Mark Anderson

Mark Anderson

JD2018265@Gmail.com